09-0116-cv
Office of Consumer Counsel, et al. v. So. NE Telephone Co.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of March, two thousand and ten.

PRESENT:  BARRINGTON D. PARKER,
                    PETER W. HALL,
                    GERARD E. LYNCH,
                                        *Circuit Judges.*

_____

Office of Consumer Counsel, New England Cable & Telecommunications Association, Inc., Cablevision of Connecticut, LP, Cablevision of Southern Connecticut, LP, Cablevision of Litchfield, Inc.,

                              Plaintiffs-Appellees,

                    v.                                                    No. 09-0116-cv

Southern New England Telephone Co. d/b/a AT&T Connecticut, Inc.,
                              *Defendant-Appellant,*

State of CT Dep't of Public Utility Control,
                              *Defendant,*

AT&T CT Inc.,
                              *Intervenor-Defendant.*

_____

For Appellant:     GEOFFREY M. KLINEBERG, (Kelly P. Dunbar on the brief) Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C., Washington, D.C.

For Appellees:     HOWARD J. SYMONS, (Tata M. Corbo and Robert G. Kidwell on the brief) Mintz, Levin, Cohn, Ferris, Glovsky & Popeo P.C., Washington, D.C.

Appeal from a judgment of the United States District Court for the District of Connecticut (Arterton, *J.*), granting appellees' motion for summary judgment, and denying appellant's motion to amend entry of that judgment. **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED** with instructions to the district court to enter judgment dismissing the case as moot.

Defendant-appellant Southern New England Telephone Co. d/b/a AT&T Connecticut, Inc. ("AT&T") appeals from an order granting summary judgment for plaintiff-appellees Office of Consumer Counsel, New England Cable & Telecommunications Association, Inc., Cablevision of Connecticut, LP, Cablevision of Southern Connecticut, LP, Cablevision of Litchfield, Inc. (jointly, "appellees"), in appellees' action in the United States District Court for the District of Connecticut challenging a June 2006 decision from the Connecticut Department of Public Utility Control ("DPUC"). We assume the parties' familiarity with the underlying facts and the procedural history of this case, as well as with the issues raised on appeal.

The June 2006 DPUC decision challenged in the district court had determined that pursuant to DPUC's franchising authority, *see* 47 U.S.C. § 522(10), AT&T did not need a

2

cable franchise to provide video service in Connecticut under Title VI of the

Communications Act of 1934. Appellees sought a ruling that the DPUC's decision was

preempted by federal law. Prior to the district court entering judgment in favor of

appellees, the Connecticut legislature enacted Public Act No. 07-253 (the "Video

Franchise Act"), entitled "An Act Concerning Certified Competitive Video Service,"

effective October 1, 2007. *See* Conn. Gen. Stat. § 16-331e *et seq*. (2007). The Video

Franchise Act, unambiguously required AT&T to obtain a video franchise before

providing video service in the state. In its status report requested by the district court,

filed August 10, 2007, AT&T alerted the court to the Connecticut legislature's passage of

the Video Franchise Act, which was to become effective October 1, 2007, and argued that

the legislation mooted appellees' challenge to the DPUC decision as of that date because

it required AT&T to obtain a franchise. On October 2, 2007, the day after the Video

Franchise Act went into effect, the district court held a status conference with the parties

and denied AT&T's earlier filed motion which had sought reconsideration of the district

court's summary judgment decision. Although it had not raised the issue in its written

motion for reconsideration, AT&T again argued that the Video Franchise Act had mooted

appellees' challenge to the DPUC decision. The court, however, declined to address that

argument through pre-judgment briefing and instructed AT&T to file an appropriate

motion after judgment had been entered. The district court then entered judgment for

appellees. On July 10, 2008, the district court denied AT&T's motion to amend the

judgment. *See Office of Consumer Counsel v. S. New Eng. Tel. Co.*, 565 F. Supp. 2d 384 (D. Conn. 2008). AT&T now appeals the district court's orders.

"Whether a case is moot presents a legal issue that we [] review *de novo*." *New York Civil Liberties Union v. Grandeau*, 528 F.3d 122, 128 (2d Cir. 2008). Where "an event occurs while an appeal is pending that renders it impossible for the court to grant any form of effectual relief to plaintiff, the matter becomes moot and subject matter jurisdiction is lost." *In re Flanagan*, 503 F.3d 171, 178 (2d Cir. 2007). That is the case here. Appellees argue that the DPUC decision is broader than its determination that AT&T need not obtain a franchise, and the case is thus not mooted by the Video Franchise Act. The operative issue at stake in the DPUC decision, however, was whether AT&T was required to obtain a franchise under the statutory regime at the time it was issued. Whatever abstract legal issues the DPUC might have discussed in reaching its conclusions, the only concrete effect of its decision was to determine that AT&T did not need a franchise. There is also no question that the Video Franchise Act changed the statutory landscape and required AT&T to obtain a franchise, which AT&T then did in compliance with the legislation's mandate. There was thus no longer any concrete controversy between the parties that could be affected by the decision of the district court.

Because prior to the entry of judgment in the district court the new legislation rendered moot the appellees' challenge to the DPUC decision, the district court lacked jurisdiction to proceed. *See Dean v. Blumenthal*, 577 F.3d 60, 64 (2d Cir. 2009).

4

Lacking subject-matter jurisdiction, the district court should have dismissed the case.

*ABN Amro Verzekeringen BV v. Geologistics Americas, Inc.,* 485 F.3d 85, 94 (2d Cir. 2007) (citing *Preiser v. Newkirk*, 422 U.S. 395, 401-04 (1975)).

CONCLUSION

For the reasons stated above, the judgment of the district court is **VACATED** and the case is **REMANDED** with instructions to the district court to enter judgment dismissing the case as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5